IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA DIVISION
TALLAHASSEE

**ALBERT T. OWENS,**
**D.O.C. # 193166,**

    **Plaintiff,**

vs.                                              **Case No. 4:17cv53-MW/CAS**

**OFFICER CHAUDRY, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, attempted to file a civil rights case in this Court on January 23, 2017. However, Plaintiff did not pay the filing fee at the time he submitted his complaint, ECF No. 1, nor did Plaintiff file an in forma pauperis motion. Plaintiff was directed to do one or the other to proceed. ECF No. 4. Additionally, because Plaintiff did not submit his complaint on the court form as required, Plaintiff was directed to file an amended complaint. *Id.* Plaintiff has complied and filed both an amended complaint, ECF No. 5, and an in forma pauperis motion, ECF No. 6.

Plaintiff acknowledges in the amended complaint that he has had more than three cases dismissed under 28 U.S.C. § 1915(e) and has been denied in forma pauperis status in several cases pursuant to 28 U.S.C. § 1915(g).  ECF No. 5 at 5-11.  The Court has confirmed that Plaintiff has "three strikes"[1] and is not entitled to in forma pauperis status under § 1915(g) unless his amended complaint demonstrates that he is under imminent danger of serious physical injury.  Plaintiff's litigation history as reflected in the amended complaint reveals Plaintiff is well aware that he is not entitled to in forma pauperis status.  That is the likely reason that when Plaintiff initiated this case, he did not use the Court's complaint form and did not submit an in forma pauperis motion.

---

[1] Case number 2:13-cv-14228 was dismissed in the Southern District of Florida for failure to state a claim in October 2013.  Plaintiff filed an appeal which was dismissed by the Eleventh Circuit as frivolous in March 2014.  ECF No. 28 of that case.  Thus, Plaintiff received two strikes in that case.  Plaintiff also filed a petition for writ of mandamus in the Southern District of Florida, case number 2:13-cv-14061 which was dismissed for failure to state a claim.  That case counts as Plaintiff's third strike.  Plaintiff was denied in forma pauperis status by this Court in case number 3:15cv300-RV/EMT, and his case was dismissed under § 1915(g).  Just one year ago on April 27, 2016, case number 3:16-cv-225 was dismissed in the Middle District of Florida under § 1915(g) because Plaintiff had three strikes and did not allege imminent danger of serious physical injury.

Case No. 4:17cv53-MW/CAS

The Prison Litigation Reform Act of 1995 (PLRA), which was enacted on April 26, 1996, provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff's amended complaint has been reviewed to determine if he is entitled to proceed as permitted by § 1915(g).

The allegations of Plaintiff's complaint concern events at Wakulla Correctional Institution Annex in December 2016 and January 2017. ECF No. 5 at 12. Plaintiff alleges he was threatened by Defendant Gholston for being a "writ writer." *Id.* Plaintiff alleges other facts indicating he was threatened for writing grievances by Defendant Chaudry as well. ECF No. 5 at 12-13. Plaintiff specifically claims he is "in imminent danger of serious physical injury because he will be returned to Wakulla Annex in May of 2017." *Id.* at 13.

Plaintiff is currently incarcerated at the Reception and Medical Center. He is not physically located with any of the Defendants and, thus,

Case No. 4:17cv53-MW/CAS

is not in *imminent* danger. Plaintiff asserts a belief that he will be returned to Wakulla C.I., but that appears to be speculative as inmates generally have no guarantee of housing assignments or dates of transfers.

Additionally, Plaintiff's amended complaint is not limited to claims of threats by Defendants Gholston and Chaudry. ECF No. 5. Plaintiff also asserts claims against Secretary Jones, Captain Hamilton, and Warden Sorey, but those claims are for failing to take action on his grievance. *Id.* at 13. Thus, Plaintiff does not allege he is in danger of physical injury from those three persons. It is also highly unlikely that Plaintiff could *ever* be in danger of physical injury from Secretary Jones as she is not located at Plaintiff's correctional institution.

It is recommended that Plaintiff's motion for in forma pauperis status be denied. If circumstances change and Plaintiff is again housed in a correctional institution where he is threatened with physical harm, Plaintiff could initiate a new lawsuit at that time. It would behoove Plaintiff to acknowledge at the outset of such litigation that he has three strikes under § 1915(g), but seeks in forma pauperis status to present a claim limited to allegations of imminent, serious physical injury. That is not what happened

Case No. 4:17cv53-MW/CAS

here.  Indeed, Plaintiff's initial complaint alleged only that Defendant Chaudry threatened "to lock [him] in confinement and destroy all of [his] legal documents . . . ."  ECF No. 1 at 1.  Plaintiff did not allege that he was in danger of physical harm from that Defendant.

It is respectfully **RECOMMENDED** that Plaintiff's motion to proceed in forma pauperis, ECF No. 6, be **DENIED** pursuant to 28 U.S.C. § 1915(g), and this case be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on April 6, 2017.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**